HARDY, Judge.
This is a suit by plaintiff law firm, a partnership, seeking judgment in the sum of $235 with interest, costs and attorney’s fees, on a promissory note alleged to 'have been executed by defendant, together with the additional sum of $50 representing an amount claimed to be due for legal services rendered to and for the benefit of defendant.
After trial there was judgment in favor of plaintiff, as prayed, from which judgment defendant has appealed.
The defense is largely based upon the contention that the defendant, Herbert J. Brown, executed the note in question simply as surety or warrantor for Allied Foundry, Inc. Since the note was not executed by any representative of the named corporation, defendant consequently contends that he is not liable, inasmuch as the principal obligor was not bound on the instrument. A determination of the defense turns upon a question of fact, namely whether the defendant, Brown, executed the note in question as a personal obligation. While this fact is seriously disputed we think the preponderance of the testimony decisively supports plaintiff’s contention that defendant, in the execution of the note, not only bound himself personally but was cognizant of such at the time, and so intended. In view of our finding of fact the law with respect to suretyship is not applicable.
It is true that the services of plaintiff were performed, or largely so, for the benefit and for the account of the Allied Foundry, Inc. It is shown that plaintiff firm represented the said corporation, but it is also shown that they were not reimbursed by said company for services rendered. Plaintiff was obviously interested in endeavoring to secure some *664 assurance of payment of this account. It was for this reason that the defendant, who was President of Allied Foundry, Inc., was requested to execute the note. It also appears from the face of the note itself that it was intended to be executed by the defendant as President of the Allied Foundry, but this was not done. We do not think this circumstance militates against plaintiff’s right to recover from the defendant individually and without the necessity of attempting to have recourse against the Allied Foundry.
For' the reasons assigned the judgment appealed from is affirmed at appellant’s cost.